**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-10088
Summary Calendar

U.S. COMMODITY FUTURES TRADING COMMISSION

Plaintiff-Appellee

v.

GERALD LEO ROGERS, also known as Jay Rogers, also known as Jay Rodgers

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-416

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gerald Leo Rogers, federal prisoner # 12327-086, appeals the district court's grant of summary judgment in favor of the U.S. Commodity Futures and Exchange Commission (CFTC) in its civil enforcement action. Rogers has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification, pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997), that his appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rogers argues that the district court's judgment violates the doctrine of separation of powers because it is the judgment of an Article III court in an action brought by an Article I agency. This argument, which is unsupported by authority, is frivolous.

Next, Rogers contends that the CFTC lacked standing to bring the enforcement action because it neither alleged nor proved that it had suffered an injury in fact. Congress may confer standing on federal agencies to bring enforcement actions under its statutes. *See Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 133 (1995). Congress has authorized the CFTC to bring actions in the district courts of the United States to enjoin acts or practices that violate the Commodity Futures Act, to enforce compliance with rules and regulations, and to impose civil penalties. *See* 7 U.S.C. § 13a-1.

Rogers, who was also the subject of a civil enforcement action filed by the Securities and Exchange Commission (SEC), contends that his activities could not violate both the securities laws and the commodities exchange laws at the same time. Rogers's argument as to this issue is entirely conclusory; he cites to no summary judgment evidence and does not address the substance of the district court's detailed analysis. Conclusory allegations are insufficient to defeat summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To the extent that Rogers is arguing that his activity was not subject to regulation by the SEC, we do not address the issue as it does not pertain to the action filed by the CFTC.

Finally, Rogers argues that the maintenance of actions against him by both the CFTC and the SEC violates the Double Jeopardy Clause. "Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction." *Hudson v. United States*, 522 U.S. 93, 99 (1997). The first inquiry is "whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or

2

the other." *Id.* (internal quotation and citation omitted). "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Id.* at 100 (internal citations and quotation marks omitted).

Here, the statutes in question expressly provide for civil monetary penalties. *See* 7 U.S.C. § 13a-1(d); 15 USC § 77t(d). Rogers has not established that there is any proof, let alone "the clearest proof," as required to establish a violation of the Double Jeopardy Clause. *See Hudson*, 522 U.S. at 100.

Rogers has not demonstrated that he will raise a nonfrivolous issue on appeal. Accordingly, Rogers's IFP motion is DENIED and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220.

The dismissal of Rogers's appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Rogers is cautioned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.